No. 27,811.

JAMES G. MARTIN, *Appellant*, v. RURAL HIGH SCHOOL DISTRICT No. 3 IN KINGMAN COUNTY et al., *Appellees*.

(268 Pac. 841.)

Opinion filed July 7, 1928.

*Thomas E. Elcock* and *Harold H. Malone,* both of Wichita, for the appellant.
*Clark A. Wallace* and *Paul R. Wunsch,* both of Kingman, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover on a rural high-school district warrant issued by the defendant district in the sum of $2,000. The defendants pleaded payment and alleged that the warrant was at no time a valid or legal obligation of the school district. Judgment was rendered for the defendants, and the plaintiff appeals.

The action was tried without a jury. The court made findings of fact and conclusions of law as follows:

"1. That the school-district warrant in controversy and sued on in this case was paid by a check of the same date signed by Hart, as treasurer of said school district, and charged to the account of said school district.

"2. The school warrant in controversy was issued for a loan made by one Utterback through the said Ralph Hart, and that at such time the said Hart was directed by the said Utterback to loan his money and to get ten per cent interest thereon and avoid the payment of taxes.

"3. At the times referred to the said Hart was treasurer of said school district, financial agent of the said Utterback, and cashier of the Farmers State Bank of Cunningham.

"4. That on the 11th day of April, 1923, the same being the date of the annual school meeting and when the annual financial report of the said school district was read, it was announced that the Utterback loan had been paid and that the district was out of debt; and at such time the said Utterback was present and talked to one or more of the members of said board other than Hart, and stated that he knew the loan, meaning the debt for which the warrant in question was issued, had been paid.

"5. The records of both the clerk and treasurer of said school district show that the warrant in question had been paid, but do not show the payment

thereof at the time it was actually paid, but such state of facts is explained on account of Utterback's instructions to Hart as to how he wished to have the matter handled.

"6. The money borrowed as represented by the warrant in controversy was used for general maintenance expenses, and no authority from the state tax commission to borrow this money was ever obtained.

"CONCLUSIONS OF LAW.

"1. The court finds as a matter of law that the plaintiff is not entitled to recover herein upon the warrant sued on and that judgment should be rendered in favor of the defendants for costs."

Afterward the court made additional findings of fact, one of which was as follows:

"That beginning about the year 1911 the said James A. Utterback was a stockholder and director in the Farmers State Bank of Cunningham, and also was the dominating factor in the management of said bank; that it was through his influence that the said R. W. Hart obtained and retained the position of cashier of said bank during said times. That during the most of said times the said James A. Utterback had on deposit in said bank about $100,000, not altogether in his name but partly in the name of eight other individuals, of whom Omer Berry was one; that the said James A. Utterback kept in said bank three tin boxes, one wooden box, and one safe, in which he kept large sums of money, large amounts of notes, bonds, warrants and other securities in papers. That the said Utterback authorized the said R. W. Hart to handle his property under his direction, and to this end some seventy-five to eighty thousand dollars was handled by the said Hart for the said Utterback, transferring the same from one account to another as might seem advisable by him and the said Utterback. That the said Utterback at different times instructed the said Hart to put out money for him so that it would bring ten per cent and pay no taxes. That the said Hart for the said James A. Utterback loaned to the defendant school district the sum of $2,000, upon which the said Utterback received in the way of interest and bonus the sum of ten per cent. That said loan was evidenced by a warrant issued by said school district, and thereafter renewed, and finally resulted in the obligation evidenced by school district warrant No. 212, being the warrant set out and sued on in plaintiff's petition. That prior to the issuance of said last warrant the said James A. Utterback had told the said Hart that there was some question about the validity of the warrant by him held against said school district, and instructed him to get the money on said warrant and invest the same in bonds or farmers' notes, and that in pursuance of the direction of said Utterback as aforesaid, and in order to get said money promptly, the said R. W. Hart drew the following check, in words and figures as follows, to wit:

"CUNNINGHAM, KAN., 9-7-1922.

THE FARMERS STATE BANK.

Pay to R. W. Hart or order ($2,000) two thousand dollars. For O. Berry vs. Utterback.

RURAL HIGH No. 3.

R. W. HART.

Indorsed on back: R. W. HART, Cr.

"That the said R. W. Hart, payee in said check, received from the funds of the defendant high school district the sum of $2,000, which sum was placed to the credit of the said R. W. Hart in the Farmers State Bank of Cunningham; that at said time no authority had been given to the said R. W. Hart by said school district for the withdrawal of said sum of money from the funds of said school district. That after the said R. W. Hart had received the said sum of $2,000 of the funds of said school district he was directed by the said James A. Utterback to hold said $2,000 and invest it in bonds or farmers' notes, which, to some extent at least, the said R. W. Hart proceeded to do; that after receiving said sum of money the said R. W. Hart requested of the said Utterback, and the said James A. Utterback at numerous times promised said Hart, that he would surrender to the said Hart the said school warrant so numbered 212, sued on herein, but that the said Utterback never surrendered the same. That in order that the records of the treasurer of said school district should show proper authority for the issuance and payment of said check for $2,000, at the first meeting of the school district board thereafter the said R. W. Hart procured the school district board to issue the order or warrant in words and figures following, to wit:

"RURAL HIGH SCHOOL DISTRICT ORDER ON DISTRICT TREASURER.
4-11-1923.  No. ——
State of Kansas, Kingman County,
*To R. W. Hart, treasurer of rural high school district No. 3.*
*Post office, Cunningham, Kansas.*
For loan.  Order 212.                                                          8-8-'22.
Pay to the order of Omer Berry ($2,000), two thousand and no/100 dollars, out of —— fund.  By order of the rural high school district board.
——————, *Director.*
——————, *Clerk.*
Countersigned:  R. W. HART, *Treasurer.*

"That said order or warrant was issued for no other purpose except to satisfy and ratify the said check for $2,000 drawn by the said Hart under date of 9-7-1922 as above stated."

Although eight assignments of error are set out in the abstract, there is only one proposition argued by the plaintiff. That proposition is summarized in his brief as follows:

"Appellant's position regarding this point in this case is simply this: If this court, after reading the abstract, can say that the perjury staining its page is worthy of a shadow of credence, appellant will be content. If this court, after reading the abstract, can say that the judge who tried this case had sufficient credible testimony before him to support this judgment, appellant's voice, already hoarse, will not rise in protest, but until that unlooked for event does happen, appellant will continue to insist that the district court of Kingman county, Kansas, through its erroneous and unsupported findings has reached a result which works an entire injustice."

The last quoted finding of fact, the one numbered eight, is in effect a summary of the evidence on which the first six findings of

fact were based. It is unnecessary for this court to again summarize or analyze the evidence which tended to support the finding of fact made by the trial court that the warrant sued on had been paid. There was sufficient evidence to support that finding. Further discussion of that evidence is unnecessary.

The judgment is affirmed.